IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

WKRT21, LLC; JEFFERSON
WPSPP22, LLC; WILL TOMMEY
and KELLI TOMMEY PLAINTIFFS

v. Case No. 5:25-cv-05003

DICKEY'S BARBEQUE
RESTAURANTS, INC. DEFENDANT

**ORDER**

Before the Court is a Report and Recommendation ("R&R") issued by the Honorable Christy D. Comstock, United States Magistrate Judge for the Western District of Arkansas. ECF No. 13. Judge Comstock recommended that the Court grant Defendant's Motion to Stay in favor of mediation and, if necessary, arbitration. ECF No. 8. Judge Comstock concluded that the mediation and arbitration provisions in Article 27 of the parties' Franchise Agreements[1] (ECF No. 9, at 75–77) are enforceable, that the parties' disputes fall within the scope of those provisions, and that a stay is appropriate pending mediation and, if necessary, arbitration. ECF No. 13. Additionally, Judge Comstock advised that such proceedings must occur within Arkansas and under Arkansas law. Plaintiffs have objected to the R&R. ECF No. 14.

Plaintiffs argue that, under the Arkansas Franchise Practices Act ("AFPA") and the Procedural Fairness for Restaurant Franchisees Act ("PFRFA"), the mediation and arbitration provisions located in Article 27 of the Franchise Agreements, which include unenforceable venue and choice of law clauses, should void not only these conditions, but also the requirement of

[1] Attached to Plaintiff's Complaint is <u>Exhibit "A"</u> which is apparently 1 of 2 Franchise Agreements (i.e., contracts) between the parties. ECF No. 2.

mediation and arbitration altogether. ECF No. 14, at 2–3. The Court disagrees.

While the AFPA and PFRFA protects franchisees from being forced to litigate or arbitrate in an outside forum and under foreign law, it does not prohibit the enforcement of arbitration itself. See, e.g., Rob & Bud's Pizza, LLC v. Papa Murphy's Int'l, Inc., No. 5:15-CV-5090, 2015 WL 3901611, at *2–4 (W.D. Ark. June 24, 2015) (applying Arkansas franchise statutes to modify forum and choice-of-law provisions while maintaining the enforceable underlying contract obligations). Plaintiffs themselves admit that "the Restaurant Act explicitly acknowledges the possibility of arbitration- in Arkansas." ECF No. 10, at 8; see Ark. Code § 4-72-602(a); see also Ark. Code § 4-72-206(b). Additionally, Article 26.1 of the Franchise Agreement specifically provides for severability of "each portion, article, part, term and provision of this Agreement". ECF No. 9, at 74. Further, Article 26.1 provides that the invalidity of any article, part, term or provision does not impair the operation of the remaining agreement. ECF No. 9, at 74.

Judge Comstock properly imposed the severability provision, giving full effect to the AFPA and PFRFA's protective purpose while enforcing the parties' contractual agreement requiring them to resolve disputes through alternative dispute resolution. See Great Earth Companies, Inc. v. Simons, 288 F.3d 878, 891 (6th Cir. 2002) (finding that "the terms of the Agreement itself make it clear that the parties intended the agreement to arbitrate to survive, even if certain parts of Article 15 (the arbitration and venue section) were found to be unenforceable."); Yates v. Royal Consumer Prods., LLC, No. 3:22-CV-075-CHB, 2022 WL 3365075, at *6 (W.D. Ky. Aug. 15, 2022) (stating that, "[p]ut simply, the provisions are severable because the benefits conveyed by the arbitration agreement continue to be conveyed even if the venue and choice of law provisions have been excised."); Dumitru v. Princess Cruise Lines, Ltd., 732 F. Supp. 2d 328,

346 (S.D.N.Y. 2010) (holding that "[s]ince both the choice-of-law and choice-of-venue clauses may be severed without rewriting any contractual language, the core agreement to arbitrate should be enforced and the offending provisions should be stricken."). Additionally, the Court recognizes that federal policy strongly favors arbitration. AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011) (noting that the Federal Arbitration Act ("FAA") reflects a "liberal federal policy favoring arbitration."). Therefore, the Court does not find this objection persuasive and determines that the contract requirement compelling mediation and arbitration remain enforceable.

Furthermore, Plaintiffs have not put forth specific objections to Judge Comstock's reasoning. Instead, Plaintiffs restate arguments previously made which received a lengthy evaluation on their merits within Judge Comstock's R&R. ECF No. 13, at 3–7. Within these objections, Plaintiffs do not specifically address any of the substantial justification presented by Judge Comstock, nor do they provide any support in either law or fact to justify their assertions. Plaintiffs have asserted that Judge Comstock's reasoning is flawed but fail to tell the Court why. In addition, neither party has objected to Judge Comstock's subsequent findings that Arkansas is the proper venue for mediation/arbitration and that Arkansas law shall apply. ECF No. 13. Lastly, all parties agree with Judge Comstock that if mediation and arbitration are compulsory, it is appropriate to stay the instant action rather than to dismiss it. ECF No. 13.

Thus, the Court need only review the remaining recommendations of the R&R for clear error. See Thompson v. Nix, 897 F.2d 356, 358–59 (8th Cir. 1990) (noting that an objection to a magistrate's R&R must be timely and specific to require a de novo review of the R&R). Upon review, the Court finds no clear error on the face of the record and that Judge Comstock's reasoning is sound.

Accordingly, the Court adopts the R&R (ECF No. 13) in its entirety. Defendant's Motion to Stay (ECF No. 8) is hereby **GRANTED**. The clerk of the Court is directed to stay the action pending mediation and, if necessary, arbitration.

**IT IS SO ORDERED**, this 7th day of October, 2026.

/s/ John Thomas Shepherd
John Thomas Shepherd
United States District Judge